UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCISCA RIVERA HERNANDEZ, et al., <br><br> Petitioners, <br><br> v. <br><br> LAURA HERMOSILLO, et al., <br><br> Respondents. | Case No. 2:26-cv-00341-TMC <br><br> ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION AND BACKGROUND

Petitioners are individuals who entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials in late 2025 or early 2026, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 4–18; Dkt. 2-1; Dkt. 2-4; Dkt. 2-6; Dkt. 2-7; Dkt. 2-9; Dkt. 2-11; Dkt. 2-13; Dkt. 3 ¶¶ 2–4; Dkt. 4 ¶¶ 2–4; Dkt. 5 ¶¶ 2–4; Dkt. 6 ¶¶ 2–4; Dkt. 7 ¶¶ 2–4; Dkt. 8 ¶¶ 2–4. Petitioners Francisca Rivera Hernandez, Azucena Vasquez Lopez,[1] and Ramiro Velasquez Contreras each requested a bond hearing before an Immigration Judge ("IJ"), and each was

---

[1] This Petitioner's name is spelled "Azucera Vasquez Lopez" in her I-213, Notice to Appear, and bond denial order. Dkts. 2-11, 2-12, 15-2. The parties do not address the spelling discrepancy. *See* Dkts. 1, 14.

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 1

denied on the basis that he or she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 2-3 at 2; Dkt. 15-1 at 2; Dkt. 15-2 at 2; Dkt. 16 at 1 n.1. For Rivera Hernandez, the IJ set bond in the alternative in the amount of $15,000. Dkt. 2-3 at 2; Dkt. 15-1 at 2. Vasquez Lopez and Velasquez Contreras did not receive alternative bond rulings, as their requests were denied on the additional basis that they presented a flight risk or danger to the community. Dkt. 15-2 at 3; Dkt. 16 at 1 n.1. Petitioners Catarina Gaspar Sebastian, Evelio Illedias Leon, Victor Luna Velez, and Lorenzo Salazar Garcia have not yet received bond rulings. *See* Dkt. 1 ¶¶ 7–14; Dkt. 14 at 5; Dkt. 16.

On January 29, 2026, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violated the Immigration and Nationality Act ("INA") because they were entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 36–40. On February 3, Federal Respondents filed a return to the habeas petition. Dkt. 14. Petitioners filed a traverse the next day. Dkt. 16. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition as to Rivera Hernandez, Gaspar Sebastian, Illedias Leon, Luna Velez, and Salazar Garcia and DENIES the petition as to Vasquez Lopez and Velasquez Contreras.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 36–40. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioners are members of the Bond Denial Class for purposes of this matter. Dkt. 14 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioners are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioners have thus shown that their mandatory detention under § 1225(b) violates the INA. *See* 28 U.S.C. § 2241(c)(3). Habeas relief is warranted for the five Petitioners who either have an alternative bond amount or have not yet had a bond hearing.

However, Vasquez Lopez and Velasquez Contreras are not entitled to habeas relief. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 3

custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Although these two Petitioners challenge one basis for their confinement—mandatory detention under § 1225(b)(2)—the IJ's determination that they present a flight risk or danger to the community is a separate basis for the "legality of [their] custody." *See id.* In other words, even if Respondents treated them as subject to the discretionary detention regime of § 1226(a), they would remain in detention under that separate finding.

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED as to Petitioners Francisca Rivera Hernandez, Catarina Gaspar Sebastian, Evelio Illedias Leon, Victor Luna Velez, and Lorenzo Salazar Garcia and DENIED as to Petitioners Azucena Vasquez Lopez and Ramiro Velasquez Contreras.

2.    Within ONE day of this Order, Respondents must either release Petitioner Francisca Rivera Hernandez or allow her release upon payment of the alternative bond amount of $15,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

3.    Within fourteen days of receiving Petitioner Catarina Gaspar Sebastian's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

4.    Within fourteen days of receiving Petitioner Evelio Illedias Leon's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

5.    Within fourteen days of receiving Petitioner Victor Luna Velez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

6.    Within fourteen days of receiving Petitioner Lorenzo Salazar Garcia's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 4

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 4th day of February, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 5